UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

DAVID A. HELTON,

        Petitioner,

v.                                      Case No. 15-C-924

WARDEN GARY BOUGHTON,

        Respondent.

## DECISION AND ORDER

On July 31, 2015, Petitioner David Helton filed this petition pursuant to 28 U.S.C. § 2254, asserting that his state court conviction and sentence were imposed in violation of the Constitution. After a jury trial, Petitioner was convicted in the Circuit Court of Milwaukee County of one count of second-degree reckless homicide, use of a dangerous weapon, in violation of Wis. Stat. §§ 940.06(1) and 939.63(1)(b). He is currently incarcerated at Wisconsin Secure Program Facility. This Court has jurisdiction of Helton's petition pursuant to 28 U.S.C. §§ 1331 and 2254. For the reasons that follow, the petition for a writ of habeas corpus will be denied.

## BACKGROUND

On May 2, 2011, the gun being held by Petitioner discharged, killing an intruder at the scrap yard where he worked. The intruder, Shelton Smith, and his companions were in the process of stealing scrap metal from the scrap yard at the time Smith was shot. On August 8, 2011, Helton appeared before the Milwaukee County Circuit Court for a trial to the jury. On August 12, 2011, the jury returned a verdict of guilty as to the offense of second-degree reckless homicide while

armed. The Circuit Court sentenced Helton to twelve years initial confinement followed by four years of extended supervision.

On May 1, 2013, Petitioner's appellate counsel filed a no-merit report pursuant to *Anders v. California*, 386 U.S. 738 (1967), and Wis. Stat. § 809.32. Petitioner filed a response to the no-merit report and counsel filed a supplemental no-merit report. The Wisconsin Court of Appeals summarily affirmed Helton's conviction. *State v. David A. Helton*, No. 2013AP00801-CRNM (Wis. Ct. App. May 7, 2014). On May 20, 2014, Petitioner's counsel again filed a no-merit petition for review in the Wisconsin Supreme Court. Petitioner also filed a response to the no-merit petition for review. The Wisconsin Supreme Court denied the petition on August 4, 2014. On July 31, 2015, Petitioner filed a petition for habeas corpus in this Court pursuant to 28 U.S.C. § 2254. Petitioner raised six claims in his petition. In a screening order dated September 4, 2015, this Court allowed Petitioner to proceed on all six of his claims.

Respondent filed an answer to Helton's Petition for Writ of Habeas Corpus on December 18, 2015. Based on the court's review of the petition and answer, this Court wrote that further briefing may be unnecessary. Specifically, this Court allowed Petitioner an opportunity to file a reply to Respondent's answer. Petitioner was to address the assertion made in the answer that the petitioner had not fairly presented most (if not all) of the approximately 28 sub-issues (1(a)–1(bb)) raised in ground one of the petition. If petitioner had not exhausted his state court remedies, he was instructed to either abandon the claims as to which he had not exhausted or suffer dismissal of this petition without prejudice. ECF No. 17. Though Petitioner was originally instructed to file a reply by January 15, 2016, this Court granted Petitioner's first request for an extension of time to file until March 1, 2016, and his second request for an extension until April 15, 2016. In the order granting

2

Petitioner's request for an extension to April 15, 2016, this Court wrote: "No further requests for an extension of time by Petitioner will be granted." ECF No. 20. Nevertheless, Plaintiff failed to file a timely reply.[1] As such, this Court will proceed to decide the case on the basis of the record as it now stands.

## ANALYSIS

Federal review of state criminal convictions is limited to claims that the petitioner's custody is in violation of the Constitution, laws, or treaties of the United States. 28 U.S.C. § 2254(a). In order to obtain federal review of his federal claims, a state prisoner must first exhaust his state court remedies and provide the state courts a full and fair opportunity to correct any error. 28 U.S.C. § 2254(b)(1); *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999). To exhaust his state court remedies, a petitioner must "fully and fairly present all his federal claims to each level of review in the state system." *Sturgeon v. Chandler*, 552 F.3d 604, 610 (7th Cir. 2009). If a petitioner fails to exhaust his state court remedies with respect to any claim in his petition, the petition must be dismissed. *See Rose v. Lundy*, 455 U.S. 509, 510 (1982) ("[W]e hold that a district court must dismiss such 'mixed

---

[1] Despite this Court's March 2, 2016, order (ECF No. 20), Petitioner filed a third request for an extension of time on April 14, 2016. In that motion Plaintiff reiterated previously rejected arguments for why further extensions should be granted and compared his case to *White v. Godinez*, 143 F.3d 1049 (7th Cir. 1998). *White* was vacated by the United States Supreme Court in light of its holding in *O'Sullivan v. Boerckel*, 526 U.S. 838 (1999), and is not beneficial to Petitioner's case. *Godinez v. White*, 527 U.S. 1001 (1999). Furthermore, a review of Petitioner's untimely reply reveals that he implicitly admits his failure to exhaust, but blames his appellate counsel for failing to investigate and other attorney misconduct. Pet.'s Reply 23–28, ECF No. 24. Petitioner compounds his errors by relying on these novel claims. Any ineffective assistance of appellate counsel claims are also subject to the exhaustion requirement and would be inappropriate to consider here. *Smith v. Gaetz*, 565 F.3d 346, 352 (7th Cir. 2009); *see State v. Knight*, 168 Wis. 2d 509, 484 N.W.2d 540 (1992); Wis. Stat. § 974.06.

3

petitions,' leaving the prisoner with the choice of returning to state court to exhaust his claims or of amending or resubmitting the habeas petition to present only exhausted claims to the district court.").

A review of the record reveals that Petitioner has filed a "mixed petition" containing many unexhausted claims. *Rose*, 455 U.S. at 510. Petitioner's appellate counsel raised three possible issues before the Wisconsin Court of Appeals: sufficiency of the evidence; erroneous exercise of sentencing discretion; and ineffective assistance of trial counsel for failure to raise the issues of lack of intent, self-defense, homicide by misadventure, defense of property, and the Castle doctrine. Plaintiff filed a response, raising an ineffective assistance of counsel claim based on counsel's failure to: present Petitioner's medical records; present a ballistics report; create certain exhibits; challenge the discrepancy between the colors of the recovered shotgun rounds; and argue that the victim was engaged in a criminal enterprise at the time of his death and, therefore, was responsible for his own death.

In contrast, Petitioner now presents six grounds for relief to this Court. Petitioner's first ground includes complaints about twenty-eight actions or inactions of trial counsel, amounting to a claim that trial counsel was ineffective in impeaching the State's witnesses and failing to make evidentiary objections. Petitioner's other five grounds for relief include three more ineffective assistance of counsel claims and two other constitutional claims. Most of Petitioner's twenty-eight sub-issues raised in ground one of his petition have not been fairly presented to the state courts. As such, he did not provide the state courts a "meaningful opportunity to consider the substance of" these claims, *Bintz v. Bertrand*, 403 F.3d 859, 863 (7th Cir. 2005), and the entire petition must be dismissed. *Rose*, 455 U.S. at 510; *see O'Sullivan*, 526 U.S. at 845.

"When a petitioner has procedurally defaulted a claim, a federal court cannot reach the merits of that claim unless the petitioner demonstrates: (1) cause for and actual prejudice arising from failing to raise the claim as required, or (2) that enforcing the default would lead to a 'fundamental miscarriage of justice.'" *Gomez v. Jaimet*, 350 F.3d 673, 679 (7th Cir. 2003). Petitioner has not demonstrated cause and prejudice or that a fundamental miscarriage of justice would result from enforcing the default here. Therefore, this Court will enforce the procedural default.

## CONCLUSION

Accordingly, and for the reasons set forth above, Helton's petition for relief under 28 U.S.C. § 2254 is **DENIED** and this action is **DISMISSED** without prejudice. The Clerk is directed to enter judgment forthwith. A certificate of appealability shall not issue.

This order and the judgment to follow are final. A dissatisfied party may appeal this Court's decision to the Court of Appeals for the Seventh Circuit by filing in this Court a notice of appeal within 30 days of the entry of judgment. *See* Federal Rule of Appellate Procedure 3, 4. This Court may extend this deadline if a party timely requests an extension and shows good cause or excusable neglect for not being able to meet the 30-day deadline. *See* Federal Rule of Appellate Procedure 4(a)(5)(A). Under certain circumstances, a party may ask this Court to alter or amend its judgment under Federal Rule of Civil Procedure 59(e) or ask for relief from judgment under Federal Rule of Civil Procedure 60(b). Any motion under Federal Rule of Civil Procedure 59(e) must be filed within 28 days of the entry of judgment. The court cannot extend this deadline. *See* Federal Rule of Civil Procedure 6(b)(2). Any motion under Federal Rule of Civil Procedure 60(b) must be filed within a reasonable time, generally no more than one year after the entry of the judgment. The court cannot

5

extend this deadline. *See* Federal Rule of Civil Procedure 60(b)(2). A party is expected to closely review all applicable rules and determine, what, if any, further action is appropriate in a case.

Dated this   28th   day of May, 2016.

s/ William C. Griesbach<br>
William C. Griesbach, Chief Judge<br>
United States District Court