UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

DAVID A. HELTON,

        Petitioner,

v.                                                 Case No. 15-C-924

GARY BOUGHTON, Warden,,

        Respondent.

## DECISION AND ORDER

      On July 31, 2015, Petitioner David Helton filed a petition pursuant to 28 U.S.C. § 2254, asserting that his state court conviction and sentence were imposed in violation of the Constitution. In a December 21, 2015 order, the court found that Helton had not exhausted most, if not all, of the approximately 28 sub-issues contained in the first ground of his petition. The court gave Helton two options: 1) he could abandon the exhausted claims and proceed, or 2) the entire petition would be dismissed without prejudice. After several extensions of time without a response from Helton, the court dismissed his petition without prejudice. ECF No. 25. Helton appealed, and while the case was on appeal, the parties filed a joint motion to remand the case back to the district court to determine whether a stay should have been imposed under *Rhines v. Weber*, 544 U.S. 269 (2005). ECF No. 35-1. The Appellate Court granted the motion and remanded the case. *Id*. Now before me is Helton's motion to stay his petition under *Rhines*. For the reasons that follow, Helton's motion will be denied.

      Before a prisoner may bring a federal habeas petition challenging his state conviction, he must raise and exhaust all of his constitutional claims to each appropriate state court. *See Perruquet v.*

*Briley*, 390 F.3d 505, 513 (7th Cir. 2004) (requiring constitutional claims to be brought to *each* appropriate state court). A federal court may not adjudicate mixed claims habeas petitions, or petitions with both exhausted and unexhausted claims. *Rose v. Lundy*, 455 U.S. 509 (1982). Thus, when a prisoner submits a mixed claims habeas petition, he has three options: 1) he may abandoned his unexhausted claims and proceed only on his exhausted claims; 2) the petition is dismissed without prejudice; or 3) the petitioner may move the court to stay and abeyance his petition until he has the opportunity to exhaust his state court remedies. *Rhines*, 544 U.S. at 269. In *Rhines*, the Supreme Court identified three factors for courts to consider when determining whether it should stay and hold a habeas petition in abeyance: 1) whether there was good cause for the failure to exhaust; 2) whether his unexhausted claims are meritorious; and 3) whether there is any indication that the petitioner engaged in intentionally dilatory litigation tactics. *Id*. at 278.

After the Seventh Circuit remanded the case, the court held a telephonic hearing with all parties, where the *Rhines* factors were discussed and Helton was ordered to file a motion to stay his habeas proceedings applying the *Rhines* factors. ECF No. 36. Rather than address the factors, Helton makes a series of meritless arguments. First, he alleges it would be an abuse of the court's discretion not to grant a stay because the Seventh Circuit has already ruled that his issues present a substantial showing. ECF No. 37 at 1. However, that is untrue; without ruling on any of the merits the Seventh Circuit remanded the case for a stay determination based on a motion by both parties. ECF No. 35-1. Next, Helton alleges that Judge Sankovitz returned his Wisconsin Statute § 974.06 motion without acting upon it because of some grand scheme to deny him judgment. However, this argument, made without any factual support, is borderline factually frivolous. *See Edwards v. Snyder*, 478 F.3d 827, 830 (7th Cir. 2007) (explaining a claim is "factually frivolous if

2

its allegations are bizarre, irrational or incredible"). Lastly, Helton makes the conclusory statement his appellate counsel illegally filed his no-merit report, and asks the court to reread all of the documents he submitted to the various Wisconsin courts and all of his previous briefings. The court declines to do so. The court is not required to scour the record for support of a party's arguments: "Judges are not like pigs, hunting for truffles buried in [the record]." *United States v. Dunkel*, 927 F.2d 955, 956 (7th Cir. 1991).

In sum, Helton has put forth no argument under the *Rhines* factors as to why his habeas petition should be stayed and held in abeyance. Moreover, even applying the *Rhines* factors to the arguments Helton has put forward, there is not sufficient reason in impose a stay. Helton has offered no good cause for his failure to present these claims to the state courts. Additionally, Helton's conclusory allegation that his appellate counsel filed an illegal no-merit report is insufficient to establish good cause without any supporting factual allegations, especially given Helton had several opportunities during the no merit process to raise these claims. *See* ECF Nos. 16-4 (Helton's response letter to the no-merit report demanding some 200 pages of discovery); 16-5 (Wisconsin Court of Appeals order extending Helton's deadline to respond to the no-merit report); 16-6 (Helton's supplemental response). Similarly, Helton has put forth no argument as to the meritoriousness of his unexhausted claims.

Lastly, it appears that Helton has engaged in intentionally dilatory litigation tactics. Helton alleges that he began drafting his first post conviction motion under Wisconsin Statute § 974.06 in 2012, but he did not mail it until late 2017, despite being warned that his claims were unexhausted by this court in December 2015. Not only that but according to the electronic court records for his

3

conviction, Helton still has not filed a post-conviction motion.[1]  Helton's only excuse for his failure to file is his allegation that a state judge received his motion, opened it, and mailed it back to him without filing it and in doing so "slammed law and justice in [his] face."  However, Helton provides no evidence to support that he even properly mailed his motion.  Instead, his only evidence is a copy of a payment authorization and an envelope addressed to him.  Moreover, Helton offers no explanation for why he did not attempt to mail his § 974.06 motion again once it became evident there was an issue with his original mailing.  Instead of sending the court another copy of his § 974.06 motion, Helton chose to blame the judge assigned to his case—despite there being no evidence the judge ever received the documents.  Additionally, even after Respondent filed its response motion and addressed the *Rhines* factors, Helton failed to file a reply or to address any of the factors himself.[2]

In sum, it was Helton's burden to show a stay was warranted and he has failed to carry that burden.  *See Nken v. Holder*, 556 U.S. 418, 433–34 (2009) (explaining that the party requesting the stay bears the burden of showing the circumstances justify an exercise of discretion).  Accordingly, Helton now has two options: he may abandon his unexhausted grounds (ground one) and proceed on the merits of the exhausted grounds (grounds two through six) or the entire petition may be dismissed without prejudice.  The court cautions Helton, however, that even if his petition is dismissed without prejudice, a newly re-filed petition would likely be untimely under 28 U.S.C.

---

[1] *See* Wisconsin Circuit Court Access Record for Milwaukee County Case Number 2011CF002023, at: https://wcca.wicourts.gov/caseDetail.html?caseNo=2011CF002023&countyNo=40&index=0&mode=details#records (last visited May 11, 2018).

[2] Helton was ordered to reply to Respondent's response within 21 days.  Respondent filed its response on March 20, 2018.  Helton's reply was due by April 10, 2018.  To this date, Helton has failed to file a reply.

4

§ 2244(d)(1)(A) because although a state conviction proceeding tolls the statute of limitations, the filing of a § 2254 petition does not. Helton must inform the court of which option he plans to pursue by June 22, 2018. Absent a response by Helton, the court will proceed to decide the case on the record as it now stands.

**IT IS THEREFORE ORDERED** that petitioner's motion for stay & abeyance (ECF No. 37) is **DENIED**.

**IT IS FURTHER ORDER** that petitioner has **until June 22, 2018**, to respond to the court and indicate whether he would like to continue on the merits of his exhausted claims and abandon his unexhausted claims, or if he would like the petition to be dismissed without prejudice.

Dated this   21st   day of May, 2018.

s/ William C. Griesbach  
William C. Griesbach, Chief Judge  
United States District Court